# EXHIBIT A

NO. **19 CI 05826**                    JEFFERSON CIRCUIT COURT
                                       DIVISION _____ JEFFERSON CIRCUIT COURT
                                                      DIVISION THIRTEEN (13)

SCOTT ARVIN                                                    PLAINTIFF
                                       )
v.                                     )
                                       )    **COMPLAINT**
                                       )
                                       )
CIGNA GROUP INSURANCE                  )           DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH   )
AMERICA                                )
PO BOX 29221                           )
PHOENIX, AZ  85038                     )
                                       )
                                       )
SERVE:                                 )
SECRETARY OF STATE                     )
700 CAPITOL AVE                        )
SUITE 152                              )
STATE CAPITOL                          )
FRANKFORT KY 40601                     )
                                       )

                  ***           ***           ***

Comes the Plaintiff, SCOTT ARVIN, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
1. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.
2. This is an action brought by a participant to recover long term disability benefits ("LTD") due to his under the terms of a wage replacement insurance plan. The plan is part of an employment benefit and IS governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).
3. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

4. Plaintiff was a full-time employee of Arvan Sango, Inc. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 10232393, policy #VTD0961507.
5. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("LTD", "plan") offered by employer.
6. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".
7. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.
8. Plaintiff applied for and was granted LTD coverage.
9. For reasons that are medically and contractually mysterious Cigna decided to review LTD the file. The re-review resulted in a denial.
10. The the Plaintiff has exhausted all administrative remedies.
11. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe physical conditions which restrict and limit the Plaintiff to engage in any form of employment. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. <u>Kalish v. Liberty Mutual</u>, 419 F.3d 501 (6th Cir. 2005).
12. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.
13. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review even it plan language states to the contrary, and the medical history should be reviewed *de novo*.
14. Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16. Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

21. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;
5. For his costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228